IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KIMBERLY BENEFIELD, VEATRICE
CHILDRESS,  JANIS FRANKS,  PENNY HILL.
VICKI KELLER, JENNIFER KIRKER,
CHRISTOPHER MATHIS, KRYSTAL
REEVES, LISA STRAIN, ROSA TAYLOR,
SUSIE TOSH, and AMANDA WHITE, EACH
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED                                                    PLAINTIFFS

v.                                    Case No. 4:12-cv-00589 KGB

CONVACARE MANAGEMENT, INC.,
ROLLING HILLS H.C., INC.,
JOEY WIGGINS and JOHN DOES 1-30                                          DEFENDANTS

## ORDER

Before the Court is a motion to dismiss plaintiffs' collective action complaint filed by

separate defendant ConvaCare Management, Inc. ("ConvaCare") (Dkt. No. 24).  Plaintiffs filed

their response (Dkt. No. 29).  ConvaCare filed its reply (Dkt. No. 34).  Plaintiffs bring this action

against ConvaCare for its alleged violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*

ConvaCare moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Court denies ConvaCare's motion to dismiss without prejudice

(Dkt. No. 24).

In ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court

"accept[s] as true all of the factual allegations contained in the complaint, and review[s] the

complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf*

*v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from

the complaint must be drawn in favor of the nonmoving party. *Crumpley–Patterson v. Trinity*

*Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

When all reasonable inferences from the complaint are drawn in favor of plaintiffs, the Court finds that plaintiffs have sufficiently stated their claim to survive ConvaCare's motion to dismiss.  For example, plaintiffs allege that ConvaCare was, together with the other defendants, plaintiffs' employer within the meaning of the FLSA, citing 29 U.S.C. § 203(d) (Dkt. No. 1, ¶ 26).  Plaintiffs allege that ConvaCare, together with the other defendants, created and enforced company policies and made decisions affecting the wages and hours of its employees (Dkt. No. 1, ¶ 27).  Plaintiffs allege that ConvaCare and the other defendants have "the same officers and owners" and that they had "control over Plaintiffs' conditions of employment" (Dkt. No. 1, ¶ 31).  Plaintiffs allege that the personnel and administrative services provided by ConvaCare and the other defendants include "selecting and hiring administrators, setting wage rates, drafting operational policies and procedures, drafting resident care policies and procedures, training and orienting administrative staff, training and orienting nursing staff, in-servicing staff, providing treasury management services, providing resident care consultation, drafting plans of correction,

processing payroll, monitoring income and expenses, preparing cost reports, and preparing tax returns" (Dkt. No. 1, ¶ 49).  Plaintiffs further allege that the defendants share employees, that defendants' skilled nursing facilities do not have separate websites but instead have separate web pages within ConvaCare's website, and that defendants operate in other ways so as to "present themselves publicly as a unified statewide operation through ConvaCare's website" and that these employees "move between separate entities as if within division for the same employer" (Dkt. No. 1, ¶¶ 50-58).

Because the Court must accept as true all factual allegations contained in the complaint at this stage of the proceeding, the Court denies ConvaCare's motion to dismiss.  Even when the Court considers the Facility Services Agreement ConvaCare attaches to its motion (Dkt. No. 24-1) and requests this Court review based on *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc*., 406 F.3d 1052, 1063 n.3 (8th Cir. 2005), the Court concludes the aforementioned allegations in the complaint raise a right to relief above a speculative level. Therefore, the Court denies the motion to dismiss.

ConvaCare also requests in its motion that, if the Court denies the motion to dismiss, the Court direct the parties to conduct discovery on management and relationship issues to determine the employer-employee status of ConvaCare and plaintiffs prior to the collective action certification stage to avoid unnecessary cost and delay, if appropriate.  This Court denies ConvaCare's request without prejudice.  If the parties are unable to reach agreement as to the scope and sequence of discovery, ConvaCare may submit by motion for this Court's consideration a proposed discovery plan addressing these issues.

IT IS THEREFORE ORDERED that ConvaCare's motion to dismiss plaintiffs' collective action complaint is denied (Dkt. No. 24).

SO ORDERED this 30th day of April, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE