IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KIMBERLY BENEFIELD, VEATRICE
CHILDRESS, JANIS FRANKS, PENNY HILL.
VICKI KELLER, JENNIFER KIRKER,
CHRISTOPHER MATHIS, KRYSTAL
REEVES, LISA STRAIN, ROSA TAYLOR,
SUSIE TOSH, and AMANDA WHITE, EACH
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED**                                                               **PLAINTIFFS**

v.                              Case No. 4:12-cv-00589 KGB

**CONVACARE MANAGEMENT, INC.,
ROLLING HILLS H.C., INC.,
JOEY WIGGINS and JOHN DOES 1-30**                                                        **DEFENDANTS**

## ORDER

Before the Court is a motion to dismiss plaintiffs' collective action complaint filed by separate defendant Joey Wiggins (Dkt. No. 26). Plaintiffs filed their response (Dkt. No. 31). Mr. Wiggins filed his reply (Dkt. No. 33). Plaintiffs bring this action against Mr. Wiggins for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* Mr. Wiggins moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Mr. Wiggins's motion to dismiss without prejudice (Dkt. No. 26).

In ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted

merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

When all reasonable inferences from the complaint are drawn in favor of plaintiffs, the Court finds that plaintiffs have sufficiently stated their claim to survive Mr. Wiggins's motion to dismiss. Plaintiffs have alleged that Mr. Wiggins is the president and owner of 11 nursing homes and that Mr. Wiggins is currently, or was, plaintiffs' employer within the meaning of the FLSA, citing 29 U.S.C. § 203(d) (Dkt. No. 1, ¶¶ 32-35). Plaintiffs allege Mr. Wiggins uses separate defendant ConvaCare Management, Inc.'s management services to control, direct, monitor, and oversee critical operations of these nursing homes (Dkt. No. 1, ¶ 25). Plaintiffs also allege that Mr. Wiggins, as president, has the authority to hire and fire employees of these corporations, that he supervised and controlled employees' schedules and conditions of employment, and that he had control over employees' wages and employment records (Dkt. No. 1, ¶ 33).

Because the Court must accept as true all factual allegations contained in the complaint at this stage of the proceeding, the Court denies Mr. Wiggins's motion to dismiss. The Court concludes that the aforementioned allegations in the complaint raise a right to relief above a

speculative level, that plaintiffs have sufficiently stated their claims against Mr. Wiggins, and that to dismiss plaintiffs' complaint as against Mr. Wiggins at this stage would be premature.

Mr. Wiggins also requests in his motion that, if the Court denies the motion to dismiss, the Court direct the parties to conduct discovery on management and relationship issues to determine the employer-employee status of Mr. Wiggins and plaintiffs prior to the collective action certification stage to avoid unnecessary cost and delay, if appropriate. This Court denies Mr. Wiggins's request without prejudice. If the parties are unable to reach agreement as to the scope and sequence of discovery, Mr. Wiggins may submit by motion for this Court's consideration a proposed discovery plan addressing these issues.

IT IS THEREFORE ORDERED that Mr. Wiggins's motion to dismiss plaintiffs' collective action complaint is denied (Dkt. No. 26).

SO ORDERED this 30th day of April, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE