**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KIMBERLY BENEFIELD, VEATRICE**
**CHILDRESS, JANIS FRANKS, PENNY HILL,**
**VICKI KELLER, JENNIFER KIRKER,**
**CHRISTOPHER MATHIS, KRYSTAL**
**REEVES, LISA STRAIN, ROSA TAYLOR,**
**SUSIE TOSH, and AMANDA WHITE, EACH**
**INDIVIDUALLY AND ON BEHALF OF**
**OTHERS SIMILARLY SITUATED**                              **PLAINTIFFS**

**v.**                          **Case No. 4:12CV589-KGB**

**CONVACARE MANAGEMENT, INC.,**
**ROLLING HILLS H.C., INC., JOEY WIGGINS,**
**and JOHN DOES 1-30**                                        **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

Before the Court is the parties' joint motion for protective order (Dkt. No. 53).  The

Court has reviewed the joint motion for protective order and orders the following:

1.      Confidential Information, as defined in this Order, and obtained by Plaintiffs from

Defendants in this action or obtained from Plaintiffs by Defendants, or obtained by or on behalf

of any third party, shall be used only for the purpose of this litigation and for no other purpose

whatsoever, and shall not be given, shown, made available, or communicated in any way to

anyone except Qualified Persons, as herein defined.

2.      Confidential Information means:

   a)      Salary or other pay information, time records, personnel files, trade

        secrets, medical records, and other information the confidentiality or

        privacy of which is protected by statute or other law.

   b)      Notwithstanding the foregoing, Confidential Information shall not include

        information that is publically known or publically available prior to being

disclosed, furnished or submitted in this litigation. Counsel shall not use the confidentiality designation except where counsel has a good faith belief that the documentation/information meets the criteria of this paragraph 2 and is consistent with the intent of this Order. For example, and without limitation, counsel shall not use the confidential designation for tactical purposes, or otherwise to gain advantage in this litigation or to conceal or encumber non sensitive information.

3.      Except with the prior written consent of Defendants or Plaintiffs, or pursuant to further Orders of this Court on motion with notice to Defendants or Plaintiffs, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include Plaintiffs, Defendants, any future counsel of record for Defendants or Plaintiffs in this action, and secretaries, paraprofessional assistants, experts, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action.

4.      If and to the extent any party believes that any Confidential Information has been improperly designated as Confidential Information and wishes to disclose such information outside the terms of this Agreed Protective Order, then the party shall (1) first, promptly meet and confer with the designating party to resolve the issue; then, if the meet and confer is unsuccessful, (2) provide all parties to this Order with at least ten days calendar notice of its intent to so disclose the information. If the parties disagree on the anticipated disclosure, the party who claims confidentiality shall have the burden to move the Court for a determination of the issues. If the opposing party does not move the Court prior to the expiration of the ten calendar days notice period, then the party intending to disclose the Confidential Information

shall postpone its intended disclosure until after the Court has ruled on these issues. Otherwise confidentiality is automatically removed.

5.      This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation.  At the conclusion of this action, including all appeals:

    a)      Upon request by a party , the other parties (or their counsel, if any,) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

    b)      All Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

6.      If redaction is impractical, Fed. R. Civ. P. 5.2, then Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal.  Only the Court, Court personnel, Plaintiffs, Defendants, and their counsel, if any, shall have access to the sealed record in this proceeding until further Order of this Court.

    IT IS SO ORDERED this 29th day of August, 2013.


                                   KRISTINE G. BAKER
                                   UNITED STATES DISTRICT JUDGE