IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KIMBERLY BENEFIELD, VEATRICE
CHILDRESS, JANIS FRANKS, PENNY HILL.
VICKI KELLER, JENNIFER KIRKER,
CHRISTOPHER MATHIS, KRYSTAL
REEVES, LISA STRAIN, ROSA TAYLOR,
SUSIE TOSH, and AMANDA WHITE, EACH
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED                                                          PLAINTIFFS

v.                                    Case No. 4:12-cv-00589 KGB

CONVACARE MANAGEMENT, INC.,
ROLLING HILLS H.C., INC.,
JOEY WIGGINS and JOHN DOES 1-30                                                   DEFENDANTS

## ORDER

Plaintiffs filed this matter on behalf of themselves and all others similarly situated, asserting claims against defendants to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Before the Court is the parties' joint motion to dismiss with prejudice (Dkt. No. 97). The parties request that the Court dismiss with prejudice certain opt-in plaintiffs. The Court grants that request and dismisses with prejudice opt-in plaintiffs Amber Avey, Tinesha Bailey, Robyn Bolt, Kathy Butler, Elva Cabrera, Mandi Cossey, Alice Crabtree, Manuel Estrada, Wanda Fitzgerald, Francies Hollins, Felicia Holman, Cindi Hurley-Fryman, Devin Fryman, Michelle Fryman, Ashley Gilbert, Beth Gillmore, Sheila Greenhaw, Jessica Hockaday, Sue Hood, Ashli Martin, Geraldine Reeves, Bobbie Stephens, Christie Lee Masson-Todd, Stephony Trantham, Amber Watson, and Cynthia Williams.

The parties also reached settlement agreements in this case and request judicial review and approval of their settlement agreements. The Court has been provided with the terms of the parties' agreements. Settlement agreements resolving FLSA claims typically are subject to court

approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)).  Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute.  *See id.* at *6; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise).  If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise).  The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The settlement agreements set forth the specific amounts to be paid to individual plaintiffs, what those specific amounts represent, and the total amount to be paid for attorney's fees and costs.  Further, the parties' joint motion to dismiss with prejudice states,

> The parties have determined that it is in their mutual interest to resolve the litigation as set forth in their Settlement Agreements.  This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any damages.  Plaintiffs have specifically considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of the claims.  Defendants support this result, because it eliminates the uncertainties, risks, and cost of further litigation.

(Dkt. No. 97, at 3).  For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreements, the Court determines that plaintiffs' recovery is a reasonable approximation of amounts owed under the FLSA.  The Court

approves the settlement agreements. It is therefore ordered that this case be dismissed with prejudice.

 SO ORDERED this 5th day of November, 2014.

          _____
          KRISTINE G. BAKER
          UNITED STATES DISTRICT JUDGE